1
2
3
4                          IN THE UNITED STATES DISTRICT COURT
5                            FOR THE DISTRICT OF ARIZONA
6
7    CHARLES VINCENT WAGNER,              )
                                          )
8           Petitioner,                   )    No. CV 06-1088-PHX-JWS (BPV)
     vs.                                  )
9                                         )    **REPORT AND RECOMMENDATION**
     ROBERT STEWART, et al.,              )
10                                        )
            Respondents.                  )
11   _____ )

12          On April 29, 2006, Petitioner, an inmate confined by the State of Arizona, filed
13   a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to
14   Title 28, U.S.C. § 2254 ("Petition").  (Doc. No. 1.)  Named as Respondents in the
15   Petition are Robert Stewart and the Attorney General of the State of Arizona.
16   Respondents filed an Answer ("Answer") to the Petition on November 6, 2006, with
17   exhibits A through X attached.  (Doc No's. 21,22.)  No Reply was filed.

18          Pursuant to the Rules of Practice of this Court**,** this matter was referred to
19   Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

20           For the reasons discussed below, the Magistrate Judge recommends that the
21   District Court enter an order dismissing the Petition.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    **FACTUAL AND PROCEDURAL BACKGROUND**

2    ***First and Second Trial, Conviction and Sentence*[1]**

3         In June 1994, Petitioner and three other teenagers went to a Smitty's grocery

4    store in Gilbert with the intent to steal a purse or an automobile.  Petitioner, armed with

5    a .380 semi-automatic pistol, noticed the victim unloading groceries into her car. As the

6    victim pushed her shopping cart to the cart return area, Petitioner signaled to his cohorts

7    that he was going to rob her.  Petitioner then approached the victim's car as she sat

8    inside, pulled the driver's door open, and struck her. When the victim screamed,

9    Petitioner shot her several times. The victim exited her car, called for help, then

10   collapsed and died in the parking lot.  *State v. Wagner* 194 Ariz. 310, 311 (Ariz.,1999).

11        Petitioner was later apprehended and charged as a juvenile. The juvenile court

12   transferred Petitioner for trial in adult court on charges of first degree murder and

13   attempted armed robbery. Petitioner's first trial ended in a mistrial after the jury

14   deadlocked. *Id*.

15        At Petitioner's second trial, the jury convicted Petitioner on both counts. The

16   state sought the death penalty on the first degree murder charge, and the trial court held

17   a sentencing hearing during which the court made findings regarding aggravating and

18   mitigating factors. After weighing those factors, the trial court declined to impose the

19   death penalty.  *Id.*  The trial court instead sentenced Petitioner to life imprisonment

20   without the possibility of parole on the first degree murder charge, and to a consecutive

21   seven and one-half year term on the attempted armed robbery charge. (Answer, Ex. A.)

22

23

24   _____

25        [1]    The first three paragraphs of this portion of the factual

26        background were obtained from the published Arizona Supreme

27        Court summary in this case, and included in this section for

         contextual purposes only.

28                                      - 2 -

1   *Appeal*

2       Petitioner filed a notice of appeal on January 28, 1997. (Id., Ex. B) Petitioner,

3   represented by counsel, raised the following two claims on appeal:

4       1.      The trial court erred by admitting the autopsy photographs
                over appellant's objection that they were unduly
5               prejudicial and did not have any real probative value.

6       2.      The statute pursuant to which appellant's natural life
                sentence was imposed fails to satisfy the due process and
7               equal protection clauses of the federal and state
                constitutions.
8   (Id., Ex. B)

9       The State filed a responsive brief, (Id., Ex. D) and, on August 13, 1998, the

10  Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Petition,

11  pp. 11-33) On May 26, 1999, the Supreme Court of Arizona affirmed the judgment of

12  the trial court. (Answer, Ex. E) On June 21, 1999, the Arizona Supreme Court issued

13  its mandate, vacating in part, and approving in part the opinion of the Arizona Court of

14  Appeals. (Id., Ex. E, Petition, pp. 34-43)

15  *Petition for Post-Conviction Relief*

16      On June 21, 1999, Petitioner filed a Notice of Petition for Post-Conviction Relief

17  in the trial court. (Answer, Ex. F) Defense counsel was appointed to represent counsel

18  in his state collateral proceedings, (Id., Ex. G) however, after reviewing the record,

19  counsel filed a Notice of Completion of Post-Conviction Review in which no claims

20  were raised. (Id., Ex. H) On May 24, 2001, Petitioner filed his Petition for Post-

21  Conviction Relief, raising the following claims:

22      1.      Trial counsel's performance fell below an objective
                standard of reasonableness 1)  when he failed to use
23              witness's prior testimony under oath to impeach State's
                witnesses; 2) when he failed to impeach critical State's
24              witnesses with their own prior testimony under oath; 3)
                when his lack of pretrial investigation deprived defendant
25              of a potential defense; 4) when he failed to interview,
                subpoena, or persuade material fact witnesses to testify.

26

27

28                                      - 3 -

2. The State engaged in the unconstitutional use of perjured testimony when prosecutors allowed witness Jason Miller's testimony to go to jurors.

3. Although "without some book or someone to explain [his] rights and the law" in regard to jury strikes by the State, "since I don't know exactly what my rights are concerning jury impanelment, or what the law says in *Batson v. Washington*..." Petitioner could not "with any clarity present this reasonable claim." Although he knew "an error was made."

(Id., Ex. H)  The State filed a response, (Id., Ex. I), and, on April 30, 2001, the trial court dismissed the petition. (Answer, Ex. J, Petition p. 44-47)

On May 29, 2001, Petitioner moved for a rehearing on his Rule 32 motion, to "clarify what he wanted to say." (Id., Ex. K) Petitioner raised the following issues:

1. Trial counsel was ineffective for 1) waiving a probable cause hearing and having Petitioner consent to proceeding as an adult.

2. Defendant was denied his 6th and 14th Amendment rights when the entire jury panel was not struck on September 26, 1995.

3. Defendant was denied his 6th ad 14th Amendment rights by the admission of the letter defendant was said to have authored.

4. Defendant was denied his 6th and 14th Amendment by the "Derek Nance evidence."

5. Defendant was denied his 6th and 14th Amendment rights by the denial of a directed verdict.

6. Defendant was denied 6th and 14th Amendment rights by the amendment of the indictment.

7. The refusal to grant the objections to jury instructions was a violation of the 6th and 14th amendments.

8. Defendant's lawyer provided ineffective assistance of counsel on appeal under the 6th and 14th amendments by not raising these issues on appeal.

(Id., Ex. K)

On March 31, 2002, the trial court summarily denied Petitioner's Motion for Rehearing (Reconsideration). (Id., Ex. L, Petition p. 48-49)

On May 30, 2003, Petitioner, represented by counsel, filed a petition for review in the Court of Appeals. (Answer, Ex. M) Petitioner presented the following issues for review:

    1.    The Trial Court erred in not granting an evidentiary hearing on the issues presented in the defendant's pro per Petition for Post-Conviction Relief.

    2.    The Trial Court erred in not considering and granting an evidentiary hearing on the Batson claim in the defendant's Petition for Post-Conviction Relief.

(Id., Ex. M) The State filed a response, (Id., Ex. N), and the Court of Appeals summarily denied review on June 29, 2004. (Id., Ex. O)

Petitioner was granted an extension of time (Id., Ex's. P, Q) to file a Petition for Review to the Arizona Supreme Court (Id., Ex. R) The Petition for Review, filed on August 30, 2004, presented the following issues for review:

    1.    Did the Court of Appeals err in not reviewing the trial court's denial of the defendant's Batson claim where the purportedly race neutral criteria used to strike the only African-American from the jury panel could also have been used to remove eleven of the fifteen jurors empaneled?

    2.    Did the Court of Appeals err in not reviewing the trial court's denial of the defendant's claim of ineffective assistance of counsel based on the failure of the defendant's trial lawyer to probe a major inconsistency in the testimony of two State's witnesses regarding a critical piece of evidence?

(Id., Ex. R) The State filed a response, (Id., Ex. S), and the Arizona Supreme Court summarily denied review on April 20, 2005. (Id., Ex. O)

***Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254***

Petitioner filed the present petition for habeas corpus in the District Court on April 19, 2006. The Petition raises the following four grounds for relief:

    1.    Ineffective Assistance of Trial Counsel

1    2.    Ineffective Assistance of Appellate Counsel a) Appellate
2          counsel failed to raise the issue regarding the Batson
           challenge which had been raised and preserved by trial
3          counsel; and, b) Appellate counsel failed to raise the issue
           of perjured testimony in the direct appeal which precluded
4          the issue from being raised in post-conviction relief
           petitions.

5    3.    Petitioner was denied equal protection under the 6th and
6          14th Amendments by a conviction obtained by a petit jury
           which was unconstitutionally selected or impaneled, as the
7          prosecutors reasons for striking the only African-American
           on the jury panel was pre-textual.

8

9    4.    The trial court allowed prejudiced and perjured testimony.

10   (Petition)  Respondents filed an answer to the Petition on November 6, 2006.  (Doc. No.

11   15)  No reply was filed.

12                                  **DISCUSSION**

13                                  **Exhaustion**

14         An application for writ of habeas corpus shall not be granted unless the applicant

15   has exhausted the remedies available in the courts of the State, there is an absence of

16   available State corrective process, or circumstances exist that render such process

17   ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1); *Baldwin v.*

18   *Reese*, 541 U.S. 27 (2004); *Castille v. Peoples*, 489 U.S. 346 (1989).  The exhaustion

19   inquiry focuses on the availability of state court remedies at the time the petition for

20   writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838

21   (1999).   Exhaustion generally requires that a prisoner give the state courts an

22   opportunity to act on his or her claims those claims are presented to a federal court.  *Id*.

23   A petitioner has not exhausted a claim for relief so long as the petitioner has a right

24   under state law to raise the claim by available procedure.  *See Id.*; 28 U.S.C. § 2254(c).

25         To properly exhaust state remedies, the petitioner must "fairly present" his

26   claims to the state courts in a procedurally appropriate manner.  *O'Sullivan*, 526 U.S

27   at 848.  Specifically, exhaustion requires that a petitioner, convicted of a non-capital

28                                       - 6 -

1  offense, either fairly present his or her claims to the Arizona Court of Appeals, *Swoopes*

2  *v. Sublett*, 196 F.3d 1088, 1010 (9th Cir. 1999), or show that no state remedies remain

3  available.  *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir.) (*citing Batchelor v. Cupp*,

4  693 F.2d 859, 862 (9th cir. 1982)).  This requirement of exhaustion is designed to give

5  the State an initial opportunity to pass upon and correct alleged violations of its

6  prisoners' federal rights.   *Picard v. Connor*, 404 U.S. 270, 275 (1971).

7      In order to exhaust his or her claims, a petitioner must fairly present the federal

8  claims to the state courts; this means that a petitioner is required to present the state

9  courts with the same claim he urges upon the federal courts.  *Id*., 404 U.S. at 275-276,

10 A claim is "fairly presented" if the petitioner has described the operative facts and legal

11 theories on which his claim is based.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982);

12 *Picard*, 404 U.S. at 275.  A state court must be alerted to the fact that a petitioner is

13 asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364,

14 365-66 (1995).  Following *Duncan*, the Ninth Circuit Court of Appeals has held that a

15 state prisoner has not "fairly presented" (and thus exhausted) federal claims in state

16 court unless he specifically indicated to that court that the claims were based on federal

17 law.  *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), as amended by 247

18 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried

19 by impartial jury and ineffective assistance of counsel lacked the specificity and

20 explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-

21 88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal

22 claim).  It is not enough to present the state court with only the facts necessary to state

23 a claim for relief, nor to make a general appeal to a constitutional guarantee as broad

24 as due process.  *Gray v. Netherland*, 518 U.S. 152, 163 (1996).  Mere similarity

25 between claims of state and federal error is also insufficient to establish exhaustion.

26 *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (citing *Hivala v. Wood*, 195 F.3d

27 1098, 1106 (9th Cir. 1999)).  In proceedings before the state courts, petitioner must have

28

- 7 -

either referenced specific provisions of the federal constitution or cited to federal or state cases that explicitly analyze the same federal constitutional claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th cir. 2005).

A claim may be exhausted if the state's highest court expressly addresses the claim, whether or not it was fairly presented. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### Procedural Default

A habeas petitioner's claims may be precluded from federal review in either of two ways: by showing either that a state court found a claim defaulted on procedural grounds, or, if the claim was never presented in any forum, that no state remedies remain available to the petitioner. *Coleman*, 501 U.S. 729-30, 735. The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him. A federal claim that is defaulted in state court

pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir. 2005) (internal quotation marks and citations omitted).  The procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the claim, unless the petitioner can demonstrate cause and prejudice for failing to raise the claims in earlier proceedings. *Gray*, 518 U.S. at 162, 116 S.Ct. at 2080 (citations omitted).

If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.  *See Harris v. Reed*, 489 U.S. 255, 269-70 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99.   In Arizona, such a determination often involves consideration of Rule 32 *et seq*. of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings.

For example, Rule 32.1 of the Arizona Rules of Criminal Procedure allows a defendant to seek post-conviction relief on the ground that his conviction was in violation of the Constitution of the United States.  Arizona Rule of Criminal Procedure 32, however, governs when a petitioner may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court.  Under Rule 32.2(a), relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain

1   claims which fall under sub-sections (d) through (h) of Rule 32.1[2], and which were

2   justifiably omitted from a prior petition.

3   Furthermore, Rule 32.4 (a) requires that a petition for post-conviction relief must

4   be filed within 90 days of the entry of judgment and sentence or 30 days after the

5   issuance of the order and mandate in the direct appeal, whichever is the later.  See Ariz.

6   R. Crim. P. 32.4(a).  Again, the exceptions to this requirement are claims asserted under

7   subsections (d) through (h) of Rule 32.1.  Ariz. R. Crim. P. 32.4(a).

8   Thus, in situations where a petitioner might otherwise attempt to revive an

9   unexhausted federal claim in state court, and the state court might invoke the procedural

10  bars of Rule 32.2(a) and 32.4(a), Arizona Rules of Criminal Procedure, in rejecting such

11  an attempt, there is an adequate and independent state ground barring Petitioner from

12  raising these claims in state court proceedings thereby creating a procedural default for

13  purposes of federal habeas review.  *See eg. Stewart v. Smith*, 536 U.S. 856,  (holding

14  that Rule 32.2(a) is an adequate and independent procedural bar).

15  A procedural default does not bar consideration of a federal claim, however,

16  unless the last state court rendering a judgment in the case "clearly and expressly" states

17  that its judgment rests on a state procedural bar.  *Harris,* 489 U.S. at 263, quoting

18

19

20      [2]      Such claims include: (1) that the petitioner is being held in

21      custody after his sentence has expired; (2) certain circumstances

        where newly discovered material facts probably exist and such

22      facts probably would have changed the verdict or sentence; (3)

        the petitioner's failure to file a timely notice of post-conviction

23      relief was without fault on his part; (4) there has been a

        significant change in the law that would probably overturn

24      petitioner's conviction if applied to his case; and (5) the

        petitioner demonstrates by clear and convincing evidence that

25      the facts underlying the claim would be sufficient to establish

        that no reasonable fact-finder would have found petitioner guilty

26      beyond a reasonable doubt.   Ariz.R.Crim.P. 32.2(b) (citing

        Ariz.R.Crim.P. 32.1(d)-(h)).

27

28

- 10 -

1   *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).  In cases where the last state court

2   order does not disclose the reason for its judgment, the Supreme Court has instructed

3   that, where "the last reasoned opinion on the claim explicitly imposes a procedural

4   default [the courts are to] presume that a later decision rejecting the claim did not

5   silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797,

6   802 (1991).

7            Therefore, in the present case, if there are claims which have not been raised

8   previously in state court, the Court must determine whether Petitioner has state

9   remedies currently available to him pursuant to Rule 32.  If no remedies are currently

10  available, petitioner's claims are "technically" exhausted but procedurally defaulted.

11  *Coleman*, 501 U.S. at 732, 735 n.1.  In addition, if there are claims that were fairly

12  presented in state court but found defaulted on state procedural grounds, such claims

13  also will be found procedurally defaulted in federal court so long as the state procedural

14  bar was independent of federal law and adequate to warrant preclusion of federal

15  review.  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  A state procedural default is not

16  independent if, for example, it depends upon an antecedent federal constitutional ruling.

17  *See Stewart v. Smith*, 536 U.S. at 860.  A state bar is not adequate unless it was firmly

18  established and regularly followed at the time of application by the state court.  *Ford*

19  *v. Georgia*, 498 U.S. 411, 423-24 (1991).

20                              **Cause and Prejudice**

21           A petitioner may be relieved from a procedural default on a showing of cause

22  and prejudice.  *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  "[T]he existence of

23  cause for a procedural default must ordinarily turn on whether the prisoner can show

24  that some objective factor external to the defense impeded counsel's efforts to comply

25  with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The

26  following objective factors may constitute cause: (1) interference by state officials, (2)

27  a showing that the factual or legal basis for a claim was not reasonably available, or (3)

28                                    - 11 -

1   constitutionally ineffective assistance of counsel. *Id*. To establish prejudice, a prisoner
2   must demonstrate that the alleged constitutional violation "worked to his actual and
3   substantial disadvantage, infecting his entire trial with error of constitutional
4   dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails
5   to establish cause, the court need not reach the prejudice prong.  To establish a
6   "fundamental miscarriage of justice" resulting in the conviction of one who is actually
7   innocent, a state prisoner must establish that it is more likely than not that no reasonable
8   juror would have found him guilty beyond a reasonable doubt in light of new evidence.
9   *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

10                          **Standard of Review: Merits**

11          The writ of habeas corpus is available to "a person in custody pursuant to the
12  judgment of a State court only on the ground that he is in custody in violation of the
13  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The District
14  Courts's standard of review is described as follows:

15                  An application for writ of habeas corpus on behalf of a person in
16              custody pursuant to the judgment of a State court shall not be granted
                with respect to any claim that was adjudicated on the merits in State court
17              proceedings unless the adjudication of the claim—

18

19          (1)     resulted in a decision that was contrary to, or involved an
                    unreasonable application of, clearly established Federal law, as
20                  determined by the Supreme Court of the United States; or

21

22          (2)     resulted in a decision that was based on an unreasonable
                    determination of the facts in light of the evidence presented in the
23                  State court proceeding.

24

25  28 U.S.C. § 2254(d).

26

27

28                                      - 12 -

**ANALYSIS**

**Ground One**

Petitioner argues that his trial counsel was ineffective because he: (a) failed to dispute conflicting testimony of two State witnesses; (b) failed to impeach witness Timmons when he gave different testimony in Petitioner's second trial from what he had given in the first trial; (c) failed to subpoena Sheila Gibson to testify as to Petitioner's alibi, (d) failed to impeach state witness Bobby Wagner regarding the alleged murder weapon; (e) failed to thoroughly investigate the matter concerning the testimony of James Timmons; (f) failed to adequately investigate the defendant's contention and potential defense argument that he had no reason to be at Bobby Wagner's house the night of the incident; and, (g) failed to interview, persuade or subpoena Bobby Wagner's mother to give a statement or testify regarding whether she actually drove Charles Wagner to his residence as Bobby Wagner testified. (Petition, p. 5)

Respondents argue that, while Petitioner properly exhausted some of these subclaims, that not all of these subclaims were raised in state post-conviction proceedings, and that doing so now would only result in their preclusion, and thus these subclaims are procedurally defaulted and barred from federal habeas review.

*Procedural Default*

Respondents assert that Petitioner failed to raise some of the ineffective assistance of trial counsel subclaims that he now raises, namely, that his trial counsel was ineffective for failing to: (c) subpoena an alleged alibi witness, Sheila Gibson; (e) investigate James Timmons' testimony; and (f) adequately investigate Petitioner's argument that he had no reason to be at Bobby Wagner's house.

Contrary to Respondents' assertion, however, Petitioner raised issue (e), the issue of the failure to investigate James Timmons' testimony in his petition for post-

1  conviction relief (Answer, Ex. H, p.5), and in his petition for review to the Arizona

2  Court of Appeals (Id., Ex. M, p.14-15, n.1).

3      As to issues (c) and (F), Respondents are correct that these issues were not raised

4  in a procedurally appropriate manner before the state appellate court.   Although

5  Petitioner raised the issue (issue (f)) of trial counsel's failure to adequately investigate

6  that Petitioner "was without reasons to ever be at Bobby Wagner's house" in his

7  petition for post-conviction relief (Answer, Ex. H, p.5-6),  he did not raise this issue

8  before the court of appeals, other than to request that the appellate court review the

9  decision of the trial court on his petition for post-conviction relief pursuant to Rule 32.9

10 (c) of the Arizona Rules of Criminal Procedure.  (Answer, Ex. M, p.11)

11      This court concludes that Petitioner failed to raise the claims that trial counsel

12 was ineffective for failing to (c) subpoena an alleged alibi witness, Sheila Gibson,

13 because he did not raise this claim at any level of post-conviction proceeding; and (f)

14 adequately investigate Petitioner's argument, because he did not raise this claim to the

15 court of appeals outside of a general appeal requesting that the appellate court review

16 the decision of the trial court.  *See Baldwin*, 541 U.S. at 32 (Holding that ordinarily a

17 state prisoner does not "fairly present" a claim to a state court if that court must read

18 beyond a petition or a brief that does not alert it to the presence of a federal claim in

19 order to find material, such as a lower court opinion in the case, that does so).

20      However, as to all claims of ineffective assistance of trial counsel raised by

21 Petitioner in his appellate court filings, (issues (a) through (g)), none were presented as

22 federal claims nor did he reference or call attention to any federal basis for such claims.

23 Petitioner cited the standard for review for an ineffective assistance claim and cited to

24 the Arizona Supreme Court case, *State v. Salazar*, 173 Ariz. 399, 414 (Ariz. 1992)

25 (Defendant must show that counsel's performance fell below an objective standard of

26 reasonableness and the deficient performance resulted in prejudice, pursuant to

27 *Strickland v. Washington*, 466 U.S. 668 (1984))..  Although citation to a state case

28                                              - 14 -

analyzing a federal constitutional issue serves the same purpose as a cite to a federal case analyzing such an issue, *see Peterson*, 319 F.3d at 1158, without signal in the text of his petition for review that Petitioner is raising a federal issue or relying on state law cases that resolve federal issues, the federal claim is not fairly presented. *Casey v. Moore,* 386 F.3d 896, 912, n.13 (9th Cir. 2004) (For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues).

Furthermore, the "United States Supreme Court has left open the question whether the invocation of a state constitutional provision is adequate to raise a federal claim under the corresponding federal constitutional clause when the state courts treat both claims in an identical manner." *Casey*, 386 F.3d at 914 (citing Baldwin, 541 U.S. at 34 and Duncan, 513 U.S. at 366)  The Ninth Circuit has similarly declined to decide the issue. *See Fields v. Waddington*, 401 F.3d 1018,1022 (9th Cir. 2005); and *Casey*, 386 F.3d at 914.  Given such hesitancy, this Court is not inclined to do so, and, even if it were, under *Fields*, 401 F.3d at 1022, the burden is on Petitioner to prove that the state and federal claims are identical.  Petitioner was required to raise his federal claims affirmatively.  Petitioner has not done so.  As a result, Petitioner failed to fairly present these federal issues of ineffectiveness to the state court.  Since the claim has not been fairly presented, a federal habeas court may determine whether state remedies remained available when Petitioner filed his petition.

Arizona law makes available the remedy of post-conviction relief to anyone who claims his or her conviction violated the United States Constitution. Ariz. R.Crim. P. 32.1(a). Failure to seek post-conviction relief for a claim on ineffective assistance of trial counsel in previous collateral proceedings, however, precludes relief in any subsequent Rule 32 proceeding. Rule 32.2(a)(3).

1    In Petitioner's case, the Arizona Supreme Court issued an order denying review

2  on April 20, 2005.  Therefore when he filed his amended federal habeas petition on

3  January 27, 2005, no state remedies remained available. When, at the time of federal

4  habeas filing, no state remedies remained available, and a petitioner failed to fairly

5  present a claim to the state's highest court, the petitioner technically exhausted the claim

6  by procedural default. *Swoopes*, 196 F.3d at 1010. That is the case here.

7    Accordingly, federal habeas review of Ground One is barred absent a showing

8  of "cause and prejudice" or a "fundamental miscarriage of justice."  *Dretke v. Haley*,

9  541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

10    Petitioner has not established cause for his procedural default.[3]  Petitioner's

11  status as an inmate and lack of legal knowledge do not constitute cause for his failure

12  to present any of his grounds for relief to the Arizona courts. *Hughes v. Idaho State*

13  *Board of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)(finding that an illiterate pro se

14  petitioner's lack of legal assistance did not amount to cause to excuse a procedural

15  default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988)(finding that petitioner's

16  arguments concerning his mental health and reliance upon jailhouse lawyers did not

17  constitute cause.)

18    Petitioner does assert that counsel on direct appeal "neglected to include this

19  issue in the direct appeal petition."  Although ineffective assistance of counsel may, in

20  some instances, constitute cause and prejudice, in Arizona, the ability to raise

21  ineffective assistance of counsel claims in petitions for post-conviction relief was

22  recognized long before Petitioner's case was tried, and, shortly thereafter, was, in fact,

23  mandated.  *See State v. Spreitz*, 202 Ariz. 1 (2002).  It is not likely that an appellate

24  court would have addressed any ineffectiveness issues raised on direct review.

25

26    [3]    This finding applies to all the Grounds asserted in the Petition,
        although the Court will discuss the finding in detail only in this
27       section.

28                                          - 16 -

1   Petitioner could have raised these issues claims in his petition for post-conviction relief,
2   and, subsequently, his petition for review, but did not.  There was no objective factor
3   external to the defense which impeded Petitioner's efforts to comply with the State's
4   procedural rule, as demonstrated by his ability to file a petition for post-conviction
5   relief and petition for review - Petitioner merely failed to raise these issues of
6   ineffective assistance of trial counsel.

7           Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice"
8   standard, nor has he attempted to do so.  Federal review of his claim of ineffective
9   assistance of trial counsel is barred.

10  *Recommendation: Ground One*

11          Petitioner has failed to demonstrate cause and prejudice for this procedural
12  default, and federal habeas review is precluded as a matter of law on this ground for
13  relief raised by Petitioner.  *See* 28 U.S.C. § 2254(b).  Accordingly, this Court
14  recommends that the District Court find that Petitioner is precluded from obtaining
15  federal habeas relief on this claim.

16                                     **Ground Two**

17          Petitioner argues that his appellate counsel was ineffective and "made serious
18  mistakes that prejudiced [Petitioner] in the appeals process before state courts."
19  (Petitioner, p. 6) Specifically, Petitioner asserts that his appellate counsel (a) did not
20  consult with Petitioner on the necessity of raising the *Batson* claim that trial counsel had
21  preserved; (b) should have included the issue in his direct appeal; and,  (c) also failed
22  to raise the issue of perjured testimony in the direct appeal which precluded the issue
23  from being raised in post-conviction relief petitions.  (Id.)

24          Respondents argue that Petitioner is not entitled to federal habeas relief on the
25  claim presented in Ground Two of the petition because Petitioner never properly
26  presented this claim in state court, and any attempt to do so now would be futile.

27

28                                       - 17 -

1

*Procedural Default*

2      Petitioner asserts in his petition that he raised the issue of ineffective assistance

3  of counsel in his second post-conviction relief proceeding.  (Id.)  Petitioner claims he

4  was represented by Martin Creaven in his second post-conviction petition, (Id., p. 4),

5  although previously he denied filing a second state post-conviction petition (Id., p.2).

6      Respondents assert that they cannot locate a second petition for post-conviction

7  relief in the record.  (Answer, p.9) Mr. Creaven did represent Petitioner in both his

8  petition for review to the appellate court from the denial of his first petition for post-

9  conviction relief, and the petition for review to the Arizona Supreme Court.  (Answer,

10  Ex's. M & R.)  Presumably, Petitioner may be referring to the petitions for review as

11  his "second post-conviction relief proceeding."  Regardless of any presumption, the

12  Court will analyze the procedural default issue with the papers it has before it.

13  Petitioner did not respond to the Respondent's assertion that no second post-conviction

14  relief proceeding was initiated with any evidence or assertion that a second post-

15  conviction petition was actually filed.

16      Petitioner did not raise any of these claims in his appeal.  (Answer, Ex. C)

17      Petitioner raised the claim, in his petition for post-conviction relief, that "the

18  state engaged in the unconstitutional use of perjured testimony, when prosecution

19  allowed witness Jason Miller's testimony to go to jurors."  (Answer, Ex. H, p.8)

20  Petitioner also raised a claim regarding "Batson v. Washington in regard to jury strikes

21  by the state."  Although he did not "know what the rules governing this part of the

22  proceedings are; and cannot state how my rights were abridged.  The facts of what

23  transpired are present."  (Answer, Ex. H., p.9)

24      The trial court ruled that Petitioner waived any issue regarding alleged perjury

25  by failing to raise it on direct appeal, citing Rule 32.2(a)(3).  The trial court further

26  ruled that "the fact that there may be inconsistencies in the testimony of a witness does

27  not mean that the witness has perjured himself.  In any event, the record does not

28

1   support Defendant's claim that there were major inconsistencies in the testimony of Mr.

2   Miller in regard to when he told his parents about the guns."  (Answer, Ex. J)

3        As to the *Batson* claim, the trial court ruled that Petitioner waived any *Batson*

4   issue by failing to raise the claim on direct appeal.  The trial court further ruled that

5   "there was no violation of Batson, as the prosecutor set forth on the record his reasons

6   for striking the juror in question, and the Court determined that they were race neutral."

7   (Answer, Ex. J)

8        In his petition for review to the appellate court, Petitioner asked that the

9   appellate court review the substantive argument raised in the second issue of the

10  petition for post-conviction relief, "notwithstanding the trial court's ruling that the

11  defendant waived the use of perjured testimony argument by not raising it on direct

12  appeal."  Petitioner also asked the appellate court to consider the substantive argument

13  under *Batson* notwithstanding the failure of the defendant's appellate lawyer to raise

14  the issue on direct appeal, and also arguing that an allegation of ineffective assistance

15  of appellate counsel is properly addressed to the trial court in post-conviction

16  proceedings. Petitioner asserted that the right involved was "a significant constitutional

17  right, and the defendant's appellate lawyer's failure to raise the issue on appeal shoudl

18  not constitute a waiver of that claim by the defendant."  (Answer, Ex. M)

19       The appellate court denied the petition for review without opinion. (Answer, Ex.

20  O)

21       Petitioner raised the *Batson* claim again, in his petition for review to the Arizona

22  Supreme Court, arguing that the appellate attorney's failure to raise *Batson* on appeal

23  is not sufficient for the State to establish the defendant knowingly, voluntarily, and

24  intelligently waive the claim, as contemplated by Rule 32.2(a)(3), when the claim is of

25  sufficient constitutional magnitude to require personal waiver.  (Answer, Ex. R)

26  Petitioner also argued that, because the trial court engaged in a substantive analysis of

27  the *Batson* claim, its decision is subject to review.  (Id.)

28

1    The Arizona Supreme Court denied the petition for review without opinion.

2  (Answer, Ex. T)

3    Petitioner did not raise any claim of ineffective assistance of counsel for failing

4  to raise the issue of perjured testimony in the direct appeal in his petition for post-

5  conviction relief, or in either petition for review to the appellate court or to the Arizona

6  Supreme Court.  (Answer, Ex's. H, M & R)

7    The state courts have never had an opportunity to address the legal theories

8  presented by Petitioner as to ineffective assistance of appellate counsel for failure to

9  raise the issue of perjured testimony in the direct appeal because it was not argued in

10  Petitioner's state petition for post-conviction relief or subsequent petitions for review.

11  Petitioner has failed to present this claim to the state court to give the State an initial

12  opportunity to pass upon and correct alleged violations of its prisoners' rights.

13    Petitioner did not raise any ineffectiveness claim as to the *Batson* challenge in

14  the petition for post-conviction relief to the trial court.  (Answer, Ex. H) The *Batson*

15  issue was summarily dismissed, the trial court finding this issue waived, and further,

16  lacking merit. (Id., Ex. J)  Petitioner filed a petition for review to the court of appeals,

17  where, for the first time, he presented his ineffective assistance of appellate counsel

18  claims.  (Id., Ex. M)  Having raised this claim for the first time to the appellate court,

19  he did not properly exhaust the ineffective assistance of appellate counsel claim he

20  wishes to raise in this federal habeas.  *See Casey v. Moore*, 386 F.3d 896, 916-18 (9th

21  Cir. 2004) (holding that a state prisoner had not exhausted his claims by presenting

22  them for the first and only time in a petition for discretionary review with the state's

23  highest court); *accord Castille v. Peoples*, 489 U.S. 346, 351 (1989).

24    The state courts have never had an opportunity to address the legal theories

25  presented in Ground Two of Petitioner's federal habeas in a procedurally appropriate

26  manner.  Petitioner, therefore, has not exhausted his state remedies as to this claim.

27  Thus, the Court must determine whether this matter should be stayed to allow Petitioner

28

1   to exhaust his state remedies as to these issues or whether these issues are procedurally

2   defaulted.

3         Petitioner's right to direct review having been completed, he would have to

4   present these claims in an additional Petition for Post-Conviction Relief. Under Arizona

5   law, a defendant who was convicted at trial must file a Notice of Post-Conviction Relief

6   within 90 days of the entry of judgment and sentence or within 30 days of the order and

7   mandate affirming the judgment and sentence on direct appeal, whichever is later. Rule

8   32.4(a), Ariz.R.Crim.P. Petitioner already completed his Rule 32 proceeding. If

9   Petitioner were to fairly present these issues in a second Petition for Post-Conviction

10  Relief, such presentation would be untimely. Moreover, these claims do not qualify for

11  any of the timeliness exceptions:

12

13        (d) The person is being held in custody after the sentence imposed has

14            expired;

15

16        (e) Newly discovered material facts probably exist and such facts

17            probably would have changed the verdict or sentence ...;

18

19        (f) The defendant's failure to file a notice of post-conviction relief

20            of-right or notice of appeal within the prescribed time was without fault

21            on the defendant's part; or

22

23        (g) There has been a significant change in the law that if determined to

24            apply to defendant's case would probably overturn the defendant's

25            conviction or sentence; or

26

27

28

1        (h) The defendant demonstrates by clear and convincing evidence that the

2            facts underlying the claim would be sufficient to establish that no

3            reasonable fact-finder would have found defendant guilty of the

4            underlying offense beyond a reasonable doubt, or that the court would

5            not have imposed the death penalty.

6

7    Rules 32.1 and 32.4(a), Ariz.R.Crim.P.  Such a new petition, therefore, would be

8    subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228

9    (App.1999); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App.1995); *Moreno v.*

10   *Gonzales*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate

11   inquiry from preclusion). Moreover, Petitioner would be precluded from raising these

12   claims in a second Petition for Post-Conviction Relief. Rule 32.2(a), Ariz.R.Crim.P.

13   These claims, therefore, are procedurally defaulted.[4] *Park v. California*, 202 F.3d 1146,

14   1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not

15   raised his claim in the state courts and the time for doing so has expired).

16

17   _____

18          [4]    Because these claim are procedurally defaulted pursuant to Rule
     32.4(a), Ariz.R.Crim.P., this Court need not determine whether

19   the claims are of "sufficient constitutional magnitude" to require
     a knowing, voluntary, and intelligent waiver such that the claims

20   are precluded pursuant to *Cassett*. Moreover, the procedural
     timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear,

21   consistently applied, and well established. *Powell v. Lambert*,
     357 F.3d 871 (9th Cir.2004); *see e.g., State v. Rosario*, 195 Ariz.

22   264, 987 P.2d 226 (App.1999) (where petition did not raise
     claims pursuant to Rule 32.1(d) through (g), the petition could

23   be summarily dismissed if untimely); *Moreno v. Gonzalez*, 192
     Ariz. 131, 962 P.2d 205 (1998) (timeliness provision of Rule

24   32.4(a) became effective September 20, 1992); *State v. Jones*,
     182 Ariz. 432, 897 P.2d 734 (App.1995) ( Rule 32.4(a) was

25   amended to "address potential abuse by defendants caused by
     the old rule's unlimited filing periods" ).

26

27

28

1   Petitioner asserts that this issue was not presented in the direct appeal because
2   his counsel on direct appeal failed to include the issue in the direct appeal petition and
3   Petitioner did not waive his right to have this issue raised.  Cause is not established by
4   appellate counsel's alleged ineffectiveness in failing to raise the *Batson* claim, however,
5   because, under the exhaustion doctrine, a claim of ineffective assistance must generally
6   be "presented to the state courts as an independent claim before it may be used to
7   establish cause for a procedural default." *Murrav v. Carrier*, 477 U.S. 478, 489 (1986).
8   Therefore, Petitioner cannot use ineffective assistance of his appellate counsel to
9   establish cause.  *Id*.  Moreover, even had Petitioner raised ineffective assistance of
10  appellate counsel in a procedurally appropriate manner in state court, cause would not
11  be established by counsel's failure to raise the *Batson* challenge.  *Miller v. Kenney*, 882
12  F.2d 1428, 1434 (9th Cir, 1989) ("[I]n many instances, appellate counsel will fail to raise
13  an issue because she foresees little or no likelihood of success on that issue; indeed, the
14  weeding out of weaker issues is widely recognized as one of the hall marks of effective
15  appellate advocacy").

16  *Recommendation: Ground Two*

17  Petitioner failed to raise any of the claims brought in Ground Two in state court
18  in a procedurally appropriate manner, thereby procedurally defaulting these claims.
19  Petitioner has failed to demonstrate cause and prejudice for this procedural default, and
20  federal habeas review is precluded as a matter of law on this ground for relief raised by
21  Petitioner.  *See* 28 U.S.C. § 2254(b).  Accordingly, this Court recommends that the
22  District Court find that Petitioner is precluded from obtaining federal habeas relief on
23  this claim.

24  **Ground Three**

25  Petitioner argues in Ground Three that he was "[d]enied equal protection under
26  the 6th and 14th Amendments" as his conviction was "obtained by action of a petit jury
27  which was unconstitutionally selected or impaneled."    (Petition, p.7)

28

1   Respondents argue that the trial court correctly determined that Petitioner
2   "waived any *Batson* issue by failing to raise the claim on direct appeal" (Answer, Ex.
3   J) and therefore, Petitioner's *Batson* claim is procedurally defaulted and barred from
4   federal habeas review.

5   *Procedural Default*

6   Petitioner raised this claim at trial, and at every level of his post-conviction
7   proceedings.  (Answer, Ex. H, M, and R)  Petitioner had not raised the claim in his
8   appeal, (Answer, Ex. C), and for this reason, the trial court found Petitioner waived the
9   issue for purposes of post-conviction proceedings.  (Answer, Ex. J)

10   This Court may not review a question of federal law decided by a state court if
11   the decision of that court rests on a state law ground that is independent of the federal
12   question and adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S.
13   722, 728 (1991).  Preclusionary findings by the state court pursuant to Rule 32.2(a)(3)
14   are independent of federal law and adequate to warrant preclusion of federal review.
15   *Stewart v. Smith*, 536 U.S. 856 (2002).  Under *Ylst*, 501 U.S. at 802, this Court is
16   directed to presume that the last appellate court which denied the *Batson* claim, without
17   a reasoned opinion, did not silently disregard the procedural default imposed by the trial
18   court and the appellate court and consider the merits of the claim.  The Arizona
19   Supreme Court's decision in the petition for review in this case would thus serve to bar
20   federal habeas review absent a demonstration of cause and prejudice, or a showing that
21   failure to consider the claim would result in a fundamental miscarriage of justice.  *Id*.,
22   at 750.  The trial court's alternative ruling on the merits does not undermine this
23   analysis; the claim has been defaulted.  *See Bennett v. Mueller*, 322 F.3d 573 (9th Cir.
24   2003)(A state court's application of a procedural rule is not undermined where the state
25   court simultaneously rejects the merits of the claim); *accord Harris v. Reed*, 489 U.S.
26   255, n.10 (1989).

27

28

*Recommendation: Ground Three*

Petitioner has failed to demonstrate cause and prejudice for this procedural default, and federal habeas review is precluded as a matter of law on this ground for relief raised by Petitioner.  *See* 28 U.S.C. § 2254(b).   Accordingly, this Court recommends that the District Court find that Petitioner is precluded from obtaining federal habeas relief on this claim.

**Ground Four**

Petitioner argues in Ground Four that the "Trial court allowed prejudiced and perjured testimony."  (Petition, p.8.)

Respondents argue that Petitioner's allegations of prejudicial and perjured testimony are precluded from federal habeas review because he failed to raise these issues on direct appeal and the trial court recognized that Petitioner waived any issue regarding alleged perjury by failing to raise it on direct appeal, and applied a procedural bar.

*Jurisdiction*

First, Petitioner has not, in Ground Four of this federal habeas, clearly raised a federal claim at all, and therefore, the Magistrate Judge recommends that the District Court, under 28 U.S.C. § 2254(a), deny the claim for lack of jurisdiction.

Alternatively, the Magistrate Judge finds that the claims raised in Ground Four are precluded from review.

*Procedural Default*

Petitioner did not raise the issue of perjured testimony on direct appellate review. (See Answer, Ex. C) Petitioner did raise an issue of the "unconstitutional use by the state of perjured testimony," in his petition for post-conviction relief. (Answer, Ex. H) The trial court found that Petitioner "waived any issue regarding perjury by failing to raise it on direct appeal."  In his petition for review to the appellate court, Petitioner asked that the appellate court review the substantive argument raised in the second issue

- 25 -

1   of the petition for post-conviction relief, "notwithstanding the trial court's ruling that
2   the defendant waived the use of perjured testimony argument by not raising it on direct
3   appeal." (Answer, Ex. M) The appellate court summarily denied review. (Answer, Ex.
4   O)  No issues of perjured or prejudicial testimony were raised to the Arizona Supreme
5   Court.  (Answer, Ex. R)

6          Petitioner's brief to the Arizona Court of Appeals needed to apprise Arizona that
7   he was making a claim under the U.S. Constitution. *Castillo*, 399 F.3d at 998-99 (citing
8   *Duncan v. Henry*, 513 U.S. 364, 365-66.)   The state courts have never had an
9   opportunity to address the legal theories presented in Ground Four of Petitioner's
10  federal habeas in a procedurally appropriate manner.  To the extent that Petitioner
11  requested that the appellate court review the one claim raised in his petition for post-
12  conviction relief, this failed to properly exhaust the claim for several reasons.   First,
13  the appellate court is not required to read outside the appellant's brief to discover
14  Petitioner's federal claim, especially, as in this case, when exercising discretionary
15  review. *See Baldwin v. Reese,* 541 U.S. 27, 32 (2004) (ordinarily a state prisoner does
16  not "fairly present" a claim to a state court if that court must read beyond a petition or
17  a brief that does not alert it to the presence of a federal claim in order to find material,
18  such as a lower court opinion in the case, that does so.)  Second, even if the appellate
19  court had read the petition for post-conviction relief, Petitioner did not relate his claim
20  to the Due Process Clause of the U.S. Constitution, cite the Fourteenth Amendment, or
21  cite any federal or state cases involving the legal standard for a federal constitutional
22  violation. *See Castillo*, 399 F.3d at 999 (*citing Hivala v. Wood*, 195 F.3d 1098, 1106-
23  07).

24         Petitioner, therefore, has not exhausted his state remedies as to this claim.  Thus,
25  the Court must determine whether this matter should be stayed to allow Petitioner to
26  exhaust his state remedies as to these issues or whether these issues are procedurally
27  defaulted.

28

Petitioner's right to direct review having been completed, he would have to present these claims in an additional Petition for Post-Conviction Relief. Under Arizona law, a defendant who was convicted at trial must file a Notice of Post-Conviction Relief within 90 days of the entry of judgment and sentence or within 30 days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is later. Rule 32.4(a), Ariz.R.Crim.P. Petitioner already completed his Rule 32 proceeding. If Petitioner were to fairly present these issues in a second Petition for Post-Conviction Relief, such presentation would be untimely. Moreover, these claims do not qualify for any of the timeliness exceptions. See Rules 32.1 and 32.4(a), Ariz.R.Crim.P. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (App.1999); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). Moreover, Petitioner would be precluded from raising these claims in a second Petition for Post-Conviction Relief. Rule 32.2(a), Ariz.R.Crim.P. These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

*Recommendation: Ground Four*

The Magistrate Judge recommends that the District Court dismiss Ground Four of the Petition for lack of jurisdiction, for failure to raise a claim that Petitioner is in custody in violation of "the Constitution or laws or treaties of the United States" pursuant to 28 U.S.C. § 2254(a).

Alternatively, Petitioner failed to raise any of the claims brought in Ground Four in state court in a procedurally appropriate manner, thereby procedurally defaulting these claims. Petitioner has failed to demonstrate cause and prejudice for this procedural default, and federal habeas review is precluded as a matter of law on this

1  ground for relief raised by Petitioner.  *See* 28 U.S.C. § 2254(b).  Accordingly, this

2  Court recommends that the District Court find that Petitioner is precluded from

3  obtaining federal habeas relief on this claim.

4  **RECOMMENDATION**

5  This Court recommends that the District Court, after its independent review of

6  the record, dismiss this action in its entirety.

7  Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

8  within ten days after being served with a copy of this Report and Recommendation.  A

9  party may respond to another party's objections within ten days after being served with

10  a copy thereof.  Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the

11  following case number:  **CV 06-1088-PHX-JWS.**

12  If objections are not timely filed, then the parties' right to *de novo* review by the

13  District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d

14  1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

15  DATED this 8th day of November, 2007.

Bernardo P. Velasco
United States Magistrate Judge

- 28 -